| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CRIMINAL H-00-605 |
| | § | |
| PECO PERICO MALLARD | § | |
| (Ancillary Civil Action H-05-1185 ) | § | |

# Opinion on Petition for Habeas Corpus

1.  *Introduction.*

After his appeal has been denied, a prisoner asks the court to vacate his sentence and resentence him. This motion will be denied.

2.  *Background.*

Mallard pleaded guilty to drug charges in December 2000 and was sentenced to 188 months in prison. On appeal, Mallard attacked the validity of his conviction, but his appeal was dismissed as frivolous. In March 2003, he moved to vacate his sentence under the federal habeas corpus statute. It was denied. Mallard now moves a second time to vacate his sentence. He argues that his rights were violated when his sentence was enhanced under the federal sentencing guidelines based on information not specified in the indictment. *See United States v. Booker*, 125 S. Ct. 738, 756 (2005).

3.  *No Authority.*

Under the federal habeas corpus statute, a prisoner may file one motion to vacate, set aside, or correct his sentence. Before a prisoner may file a second motion, he must move in the court of appeals for permission. It may authorize this motion if the prisoner shows that the motion involves either (1) newly discovered evidence, or (2) a new rule of constitutional law made retroactive to cases on collateral review. 28 U.S.C. §§ 2244(3)(B), 2255.

Mallard filed his first motion under the federal habeas corpus statute in March 2003. He filed his second motion in this court without authorization and, therefore, it will be denied.

4.   *Retroactivity.*

Mallard's petition also will be denied because he has offered no newly discovered evidence or new rule of constitutional law that retroactively applies to his case. He argues that the Supreme Court's recent decision about the sentencing guidelines is a new rule of constitutional law and grounds for vacating his sentence. *See Booker*, 125 S. Ct. 738. In its opinion, however, the Court did not refer to cases on collateral review. Rather, it said the holding applies to cases on *direct* review. *Id.* at 769. This means that this holding is not retroactive and does not support another motion. *In re Elwood*, 408 F.3d 211 (5th Cir. 2005).

5.   *Conclusion.*

Mallard's motion to vacate his sentence will be denied.

Signed August 3, 2005, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge